## ALEXANDER STRONG *versus* ASA WHEELER.

Where two creditors of the defendant attach the same property, and the second in
order is admitted (under *St*. 1823, *c*. 142,) to defend against the first suit, the
plaintiff may give in evidence the confession of the debtor that his demand is *bonâ
fide* and for a valuable consideration.

ASSUMPSIT for money had and received.   Trial befoie
*Morton* J.

To support the action, the plaintiff read in evidence a
promissory note given to him by the defendant.

The defence was made by one Bigelow, a creditor of the
defendant, who had made an attachment upon the defendant's
property subsequently to an attachment made by the plaintiff,
and who was allowed to defend under *St*. 1823, *c*. 142.   The
defence relied upon was, that the note in suit was given with-
out any consideration, and by fraud and collusion between the
plaintiff and the defendant.

The plaintiff offered to prove the admission of the de
fendant made since the commencement of the suit, that the
note was given for a valuable consideration, and was honestly
due to the plaintiff ; but this evidence was rejected.

The jury returned a verdict for the defendant, and the
plaintiff moved for a new trial, among other reasons, because
he was not permitted to prove the confession of the defend-
ant as above stated.

*Oct* 20th.    *T. Fuller* and *Josiah Adams*, in support of the motion,
cited *Bauerman* v. *Radenius*, 7 T. R. 666, and *Craib* v.
*D'Aeth*, ibid. 670, note.

*Hoar, contrd*.   The statute requires the attaching creditor,
who is admitted to defend, to give a bond to pay such costs
and damages as may be occasioned to the plaintiff by the
defence, and so far as relates to the question of fraud, he,
and not the debtor, is in reality the party to the suit.   The
debtor therefore might have been called by the plaintiff as a
witness ; consequently his declaration not under oath was in
admissible.

The opinion of the Court was drawn up by

*April term*     PARKER C. J.   The only one of the grounds stated in
*1828*.     the motion for a new trial, which has been relied upon in the

argument, is the supposed incorrect rejection of the confession of the defendant, made since the commencement of the suit, that the note was given for a valuable consideration and *bonâ fide*. This undoubtedly would have been good, and, probably, conclusive evidence in favor of the action, if the controversy at the time of the trial had been between the parties to the note. But by *St.* 1823, *c.* 142, it is provided, that any subsequent attaching creditor of the same property which is attached by the plaintiff in the suit on trial, may be admitted to defend the suit in like manner as the party sued could or might have done. And this bringing a third party into the controversy is founded upon a petition, which must set forth the grounds for interposing, the chief or perhaps the only one which could prevail being a suggestion of fraud and collusion between the parties to the suit on the record. The party thus admitted is in fact adversary in the suit to both plaintiff and defendant, for his interposition is bottomed upon a supposed confederacy between them to defraud him and other creditors, by a false claim and attachment upon which the property is to be withdrawn from the attachment of *bonâ fide* creditors.

In this state of the controversy it would seem that the declarations or confessions of either of the parties against whom the fraud is alleged, ought not to be admitted to repel the charge. And yet it is obvious that a *bonâ fide* creditor who has made a just attachment may be injured, if, by reason of the admission of a third party into the suit, he is to be deprived of evidence which he would be entitled to if no one had interposed between him and the debtor. There may be collusion between the debtor and the second attaching creditor to defraud the first, and this kind of fraud is quite as easy to be practised as the other. The debtor may deny the validity of the first note or cause of action, for the purpose of favoring the second attachment, and the first attaching creditor ought to be allowed the benefit of any acknowledgment made by the debtor, it being often difficult to furnish direct proof of the consideration of a note or other contract. The creditor who comes in under the statute, makes the defence for the defendant of record, and he is allowed to defend the suit as

Strong
v.
Wheeler.

the party to the suit himself could or might, but he is not put upon any other or better ground. It is to be considered that a judgment for the defendant, obtained through this sort of defence, is conclusive against the plaintiff. It could not, we think, have been the intention of the legislature to straiten his means of supporting his action. The collusion alleged may be mere suggestion ; it ought not to be presumed. Whatever the admission of the debtor may avail, the plaintiff is entitled to the benefit of. It probably will avail little against any evidence of fraud ; but there seems to be no objection to its being weighed by the jury.[1]

The reasoning of the judges in the case of *Bauerman* v. *Radenius* and the case of *Craib* v. *D'Aeth*, go strongly to support the foregoing opinion.[2]

*New trial granted.*

---

[1] In *Lambert* v. *Craig*, 12 Pick. 199, which was a case under *St.* 1823, *c.* 142, the confessions of the debtor were admitted in evidence, though made after the subsequent attaching creditor took upon himself the defence. See *Carter* v. *Gregory*, 8 Pick. 165; *Hinkley* v. *Davis*, 6 N. Hamp. R. 211, 212.

It has since been enacted by the Revised Statutes, that the proceedings between the two adverse claimants or plaintiffs in a case like that in the text, shall not be affected by any plea or other act of the defendant in the prior suit, nor by the judgment, if any, that shall be rendered therein; but the defendant may be admitted and examined as a witness, in the proceedings between the said other parties. Revised Stat. *c.* 90, § 88. Under the Revised Statutes, however, the court is to order the *attachment* made in the prior suit to be *dissolved,* in whole or in part, as justice and equity shall require, but the order so made shall have *no other effect* on the prior suit. *C.* 90, § 86.

It is also provided, that the court, upon such inquiry, may examine on oath the plaintiff who made the prior attachment, and his declarations on such examination shall be admitted as evidence in the case; provided there is no other objection to his competency but that of his interest as a party to the suit. Revised Stat. *c.* 90, § 87.

[2] See 2 Stark. Ev. (5th Am. ed.) 22, 23, and notes; *Plant* v. *M'Ewen* 4 Connect. R. 544.